UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYSON USA, INC., an Illinois Corporation, LEONID TANSKY, Individually, and ENNA GAZARYAN, Individually | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. |
| HYSON 2U, LTD., an Illinois Corporation, KAROLIS KAMINSKAS, INC., an Illinois Corporation, and KAROLIS KAMINSKAS, Individually. | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

**NOW COME** Plaintiffs, Hyson USA, Inc. ("Hyson USA"), Leonid Tansky ("Tansky")

and Enna Gazaryan ("Gazaryan") (and collectively "Plaintiffs"), by and through their attorneys,

Enterprise Law Group, LLP, and for their Complaint, state as follows:

### Parties

1. Hyson USA is an Illinois corporation with an office in Northbrook, Cook County,
   State of Illinois.

2. Tansky is a resident of Northbrook, Cook County, State of Illinois.

3. Gazaryan is a resident of Northbrook, Cook County, State of Illinois.

4. Defendant, Hyson 2U, Ltd., ("Hyson 2U") is an Illinois corporation with the office
   of its registered agent in Bensenville, State of Illinois.

1

5.  Defendant, Karolis Kaminskas, Inc., d/b/a Sojuz Enterprises ("Kaminskas, Inc.") is an Illinois corporation with the office of its registered agent in Bensenville, State of Illinois.

6.  Upon information and belief, Defendant, Karolis Kaminskas ("Kaminskas") is an Illinois resident, a former employee of Hyson USA and is currently an owner and corporate officer of Hyson 2U and Kaminskas, Inc. (Hyson 2U, Kaminskas, Inc., and Kaminskas may be collectively identified as "Defendants").

### Jurisdiction, Venue and Statement of Claims

7.  Plaintiffs' claims are for federal trademark infringement, false designation of origin, trademark dilution pursuant to the Lanham Act 15 U.S.C. §1125(c), deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS §510/1, *et seq.*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1, *et seq.*, common law trademark infringement, cybersquatting under the Lanham Act 15 U.S.C. §1125(d), violation of the Illinois Trade Secrets Act ("ITSA") 765 ILCS §1065/1, *et seq.* and common law trade secrets misappropriation, tortious interference with business relationships, conversion, replevin, trespass to chattels, unjust enrichment, violations of the Illinois Wage Payment and Collection Act, violation of the Illinois Sales Representative Act, and an accounting.

8.  This court has subject matter jurisdiction over the Plaintiffs' claims under 28 U.S.C. §1331 and §1338. This court has supplemental jurisdiction over the remainder of Plaintiffs' claims under 28 U.S.C. §1331, §1338(a) and (b), and §1367.

9.  Venue is proper in the United States District Court for the Northern District of

2

Illinois under 28 U.S.C. §1391(b), as one or more Defendants conduct business primarily in this District and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## General Allegations in Support of Plaintiffs' Claims

10. Hyson USA is a private label food importer and wholesale food distributor, serving the retail grocery industry in the USA. The company features an extensive line of Hyson brand products with a high degree of market recognition. Hyson USA is a service oriented company that goes to all lengths to satisfy its customers' needs. Hyson USA prides itself on being a reputable company and has invested significant time, money, and efforts in developing the following:

   a. a comprehensive advertising, business and marketing plan;

   b. long-standing relationships with vendors and suppliers of specialty foods, including olive oils, preserved meats and canned goods;

   c. long term relationships with its customers and vendors that lead to sales of products and services;

   d. a website and a product catalogue that contains original and aesthetically pleasing content, organized information, images or photos; and

   e. use of the Hyson Family of Marks (as defined herein).

## Hyson USA's Development and Acquisition of Federal Trademark Protection

11. Hyson USA is owner of Federal Registered Trademark, U.S. Reg. No. 3,543,222 (Exhibit A) (hereinafter the "Hyson USA mark").

   a. The "Hyson USA mark" has been used in commerce since at least as early as June

3

1, 2006;

b. Hyson USA has used the "Hyson USA mark" extensively to promote its services and products in interstate commerce, including in advertising on its website and newspapers and magazines, through marketing campaigns in the print media, at trade shows, and through the internet in various ways;

c. Hyson USA has earned significant revenues using the "Hyson USA mark";

d. Hyson USA's exclusive and continuous use of, and advertising related to the "Hyson USA mark" has tremendous value to Hyson USA.

12. Tansky is owner of Federal Trademark Applications, U.S. Serial. Nos. 86/199,257, 86/199,235, 86/199,214 (Group Exhibit B) (hereinafter the "Hyson Marks", and with the "Hyson USA mark", collectively referred to as the "Hyson Family of Marks").

a. The Hyson Marks have been used in commerce since at least as early as September 11, 2009;

b. Tansky has used the Hyson Marks extensively to promote his services and products in interstate commerce, including in advertising on its website and newspapers and magazines, through marketing campaigns in the print media, at trade shows, and through the internet in various ways;

c. Tansky's exclusive and continuous use of, and advertising related to the Hyson Marks have tremendous value to Tansky.

**Defendants Hyson 2U and Kaminskas'**
**Violations of Hyson USA and Tansky's Trademark Rights**

13. Upon information and belief, at certain times Defendants Kaminskas and Hyson 2U violated, and continue to violate, Hyson USA and Tansky's trademark rights by

4

using the Hyson Family of Marks, or confusingly similar derivatives of the Hyson Family of Marks, in their advertising and marketing efforts.

14. Also, Defendants Kaminskas, Inc., and Hyson 2U's uses of "Hyson 2U" are confusingly similar to the Hyson Family of Marks and are designed to trade on the goodwill and reputations of Hyson USA and Tansky. Hyson 2U is a derivative of the Hyson USA mark and the Hyson Family of Marks and is likely to confuse and mislead customers into believing that products bought from Hyson 2U or Kaminskas, Inc. came from Hyson USA.

15. Upon information and belief, Hyson 2U and Kaminskas, Inc., furthered this confusion by reselling inventory that was misappropriated and stolen from Hyson USA.

**Cybersquatting and Deceptive Trade Practices by Defendant Hyson 2U**

16. Upon information and belief, in furtherance of its efforts to deceive the customer, Hyson 2U has registered and owns certain domain names, including, without limitation, the following: www.hyson2u.com; hysonusa.org; hysonusa.net; hysonusa.info; hyson2u.net; and shophyson.com.

17. Upon information and belief, Hyson 2U has registered domains that are derivatives of the Hyson Family of Marks to prevent Hyson USA from acquiring and utilizing these domains.

18. Upon information and belief, Hyson 2U has registered these domains to further its efforts to divert Hyson USA's customers, who perform internet searches for Hyson USA and its products or services.

19. Upon information and belief, Hyson 2U has utilized similar derivatives of the Hyson

Family of Marks in its advertising and social media campaign, such as text and content found at www.facebook.com/hyson2u or substantially similar domains.

20. Upon information and belief, Hyson 2U's business plan is to trade upon Hyson USA's goodwill and name to deceive the customer or prospective customer into believing that products or services received from Hyson 2U are coming from Hyson USA.

**<u>Further Allegations</u>**

21. Tansky is the President and the sole shareholder of Hyson USA.

22. Tansky brought to Hyson USA his invaluable experience of working in the wholesale food distribution business, and the customers and vendors from his prior companies which distributed products for over 12 years.

23. Kaminskas was a manager and an employee of Hyson USA.

24. Gazaryan worked as the bookkeeper for Hyson 2U.

25. Hyson USA was located at a warehouse at 612 Supreme Drive, Bensenville, Illinois.

26. On or about March or April 2012, in the midst of financial difficulties, Hyson USA lost its liability insurance, and transferred all of its property from 612 Supreme Drive to the warehouse located at 464 Country Club Dr., Bensenville, Illinois, which was leased by Goldfield Inc., and to Goldfield's New York warehouse.

27. On information and belief, on or about September 21, 2012, Kaminskas established Hyson 2U.

28. Hyson 2U began operations only after inventory was transferred from Hyson USA on February 4, 2013. Before that date, Hyson USA had operated at 464 Country Club Drive, Bensenville, Illinois, and Hyson 2U subsequently signed a new lease in

its own name after the transfer of inventory.

29. Hyson 2U used and continues to use the Hyson USA mark and the other "Hyson Family of Marks" on a number of products that are being marketed and sold to customers.

30. Hyson 2U and Kaminskas have used the Hyson USA domain and website to sell goods.

31. On or about October 2012, Goldfield's New York warehouse was destroyed by Hurricane Sandy, along with a significant amount of inventory that belonged to Hyson USA. However, some inventory and equipment was returned or was transferred to Hyson 2U at its Bensenville warehouse.

32. On or about February 2, 2014, attorneys for Hyson 2U sent letters firing Tansky and Gazaryan from Hyson 2U.

33. On information and belief, Tansky performed services for Hyson 2U for which he is entitled to commissions.

34. Hyson 2U failed to pay Tansky the compensation that he had earned and that is owed to him.

35. Hyson 2U retained property and documents that originally belonged to Hyson USA. Hyson 2U also retained Gazaryan's personal property.

36. Upon information and belief in 2014, Hyson 2U sold a large shipping container of tea that had been ordered in 2013 by Tansky under the name of Hyson USA.

37. Upon information and belief, Kaminskas also is receiving checks from customers made out to Hyson USA, and is endorsing such checks and depositing them in his accounts or those of Kaminskas, Inc., or Hyson 2U. Kaminskas in not an officer or

authorized signatory on Hyson USA bank accounts and has no authority to endorse or deposit Hyson USA checks.

38. Upon information and belief, Kaminskas and Hyson 2U used and continue to use Hyson USA accounts with third party providers.

## Counts I-VI

### Claims against Defendants Hyson 2U, Kaminskas, Inc., and Kaminskas

## Count I

### Federal Trademark Infringement

39. Plaintiffs Hyson USA and Tansky reallege and reincorporate paragraphs 1 through 38 of this Complaint.

40. Defendants' use of the Hyson Family of Marks or confusingly similar derivatives, such as "Hyson 2U", is without Hyson USA and Tansky's authorization or consent.

41. Defendants unauthorized use of the Hyson Family of Marks or confusingly similar derivatives, such as "Hyson 2U", is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants or their products with Hyson USA and Tansky, and the federally-registered Hyson USA mark, in violation of 15 U.S.C. §1114 (1) (a).

42. Because Defendants had both actual and constructive notice of Hyson USA and Tansky's prior use of and rights to the Hyson Family of Marks before Defendants began using them or confusingly similar derivatives, such as "Hyson 2U", Defendants have willfully infringed the Hyson Family of Marks.

43. Defendants' unauthorized conduct has deprived and will continue to deprive Hyson USA and Tansky of the ability to control the customers' perception of their products,

8

marketed in connection with the Hyson Family of Marks, placing the valuable reputations and goodwill of Hyson USA and Tansky in the hands of the Defendants, over whom Hyson USA and Tansky have no control.

44. As a result of Defendants' conduct, Hyson USA and Tansky have suffered substantial damages and irreparable harm to the Hyson Family of Marks, constituting injuries for which Hyson USA and Tansky have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Hyson USA and Tansky will continue to suffer irreparable harm.

## Count II

## False Designation of Origin

45. Plaintiffs Hyson USA and Tansky reallege and reincorporate paragraphs 1 through 44 of this Complaint.

46. Defendants' actions complained of herein, are likely to cause confusion, mistake, or deception among customers and suppliers as to the affiliation, connection, or association of Defendants or their products with Hyson USA and Tansky and the Hyson Family of Marks, and as to the origin, sponsorship, or approval of Defendants and their products in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

47. Defendants' unauthorized conduct has deprived and will continue to deprive Hyson USA and Tansky of the ability to control the customers' perception of the products marketed in connection with the Hyson Family of Marks, placing the valuable reputations and goodwill of Hyson USA and Tansky in the hands of the Defendants, over whom Hyson USA and Tansky have no control.

48. Defendants had both actual and constructive notice of Hyson USA and Tansky's

prior use of and rights to the Hyson Family of Marks, before Defendants began using them or confusingly similar derivatives, such as "Hyson 2U". Thus, Defendants have willfully engaged in a false designation of origin.

49. As a result of Defendants' conduct, Plaintiffs have suffered substantial damages and irreparable harm to their Hyson Family of Marks, constituting injuries for which Plaintiffs have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Plaintiffs will continue to suffer irreparable harm.

## Count III

## Trademark Dilution

50. Plaintiffs Hyson USA and Tansky reallege and reincorporate paragraphs 1 through 49 of this Complaint.

51. The Hyson Family of Marks is famous and distinctive within the meaning of 15 U.S.C. §1125(c), and was famous and distinctive long before Defendants began their unauthorized use of the Hyson USA mark or confusingly similar derivatives, such as "Hyson 2U".

52. Thus, Defendants' conduct is likely to tarnish, diminish, and dilute the distinctive quality of Hyson USA and Tansky's rights in the famous Hyson Family of Marks in violation of 15 U.S.C. §1125(c).

53. Moreover, Defendants conduct is likely to diminish the advertising value of the Hyson Family of Marks, and due to the high disparity between the quality and service Hyson USA and Tansky provide under the Hyson Family of Marks, and the quality and service provided by Defendants, Defendants' conduct is also likely to tarnish the distinctiveness of the famous Hyson Family of Marks.

10

54. Because Defendants had both actual and constructive notice of Hyson USA and Tansky's prior use of and rights to the Hyson Family of Marks before Defendants began using them or confusingly similar derivatives, such as "Hyson 2U", Defendants have willfully engaged in trademark dilution.

55. As a result of Defendants' conduct, Hyson USA and Tansky have suffered substantial damages and irreparable harm to the Hyson Family of Marks, constituting injuries for which Hyson USA and Tansky have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Hyson USA and Tansky will continue to suffer irreparable harm.

**Count IV**

**Violation of the Illinois Deceptive Trade Practices Act**

56. Plaintiffs Hyson USA and Tansky reallege and incorporate herein paragraph 1 through 55 of this Complaint.

57. Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 because they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendants' products. Defendants' deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of its goods or services with Hyson USA.

58. Because Defendants had both actual and constructive notice of Hyson USA and Tansky's prior use of and rights to the Hyson Family of Marks before Defendants began using them, or confusingly similar derivatives, such as "Hyson 2U", Defendants have willfully engaged in deceptive trade practices.

59. As a result of Defendants' conduct, Hyson USA and Tansky have suffered

11

substantial damages and irreparable harm to the Hyson Family of Marks, constituting injuries for which Hyson USA and Tansky have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Hyson USA and Tansky will continue to suffer irreparable harm.

**Count V**

**Violation of the Illinois Consumer Fraud and
Deceptive Business Practices Act**

60. Plaintiffs Hyson USA and Tansky reallege and incorporate herein paragraph 1 through 59 of this Complaint.

61. Defendants' actions complained of herein constitute deception, misrepresentation, concealment, suppression or omission of material facts with the intent that consumers will rely upon the misrepresentation, concealment, suppression or omission of material facts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, because they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendants' products or services. Defendants' deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of their goods or services with Hyson USA.

62. As a result of Defendants' conduct, Hyson USA and Tansky have suffered substantial damages and irreparable harm, constituting injuries for which they have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Hyson USA and Tansky will continue to suffer irreparable harm.

## Count VI

### Common Law Trademark Infringement

63. Plaintiffs Hyson USA and Tansky reallege and reincorporate paragraphs 1 through 62 of this Complaint.

64. Hyson USA and Tansky are the owners of valid common law rights in the Hyson Family of Marks, which they have used continuously and in connection with their products and services, prior to Defendants' unauthorized use of them or confusingly similar derivatives, such as "Hyson 2U."

65. Defendants' actions complained about herein are likely to cause confusion, mistake, or deception as to the perceived affiliation, connection, or association of Defendants or their products with Hyson USA and Tansky and the Hyson Family of Marks, and as to the origin, sponsorship or approval of Defendants and their services in violation of Illinois common law.

66. Because Defendants had both actual and constructive notice of Hyson USA and Tansky's prior use of and rights to the Hyson Family of Marks before Defendants began using them, or confusingly similar derivatives, such as "Hyson 2U", Defendants have willfully infringed Hyson USA and Tansky's common law trademark rights.

67. Defendants' unauthorized conduct has deprived and will continue to deprive Hyson USA and Tansky of the ability to control the consumers' perception of products marketed in connection with the Hyson Family of Marks, placing the valuable reputations and goodwill of Hyson USA and Tansky in the hands of the Defendants, over whom Hyson USA and Tansky have no control.

13

68. As a result of Defendants' conduct, Hyson USA and Tansky have suffered substantial damages and irreparable harm to the Hyson Family of Marks, constituting injuries for which Hyson USA and Tansky have no adequate remedy at law. Unless the Court enjoins Defendants' conduct, Hyson USA and Tansky will continue to suffer irreparable harm.

### Prayer for Relief for Counts I-VI

WHEREFORE, Plaintiffs Hyson USA and Tansky request that this Honorable Court find in their favor and against Defendants Hyson 2U, Kaminskas, and Kaminskas, Inc., and award the following remedies:

a) a permanent injunction prohibiting Defendants, and their respective owners, officers, employees and agents from violating Hyson USA and Tansky's federal and common law trademark rights, engaging in deceptive trade practices and unfair competition;

b) that Defendants return, destroy and refrain from using any document, emails files or materials containing Hyson USA and Tansky's trademarks or substantially similar derivatives; and

c) that the Court order Defendants to indemnify (including fees and costs of defense) and hold Plaintiffs harmless from any and all claims made by any third parties based on Defendants' violation of Hyson USA and Tansky's federal and common law trademark rights, and their deceptive trade practices and unfair competition.

Additionally, Plaintiffs Hyson USA and Tansky request the following:

d) that Defendants be required to pay Hyson USA and Tansky's actual damages;

e) that Defendants be required to pay statutory damages;

14

f) that Defendants be required to account for and to disgorge all advantages, gains, or profits from their infringing and deceptive acts;

g) that Defendants actions were willful, and as applicable, award exemplary, punitive, or treble damages;

h) that Defendants pay Plaintiffs' costs and attorneys' fees relating to this lawsuit;

i) that Defendants be required to pay pre- and post-judgment interest for any damages awarded to the Plaintiffs; and

j) that Hyson USA and Tansky be granted such other relief as this Court deems equitable.

## Count VII

### Cybersquatting under the Lanham Act, 15 U.S.C. §1125(d), by Defendant Hyson 2U

69. Plaintiff Hyson USA realleges and incorporates the allegations in paragraphs 1 through 68 of this Complaint.

70. Hyson USA owns all rights in and to the Hyson USA mark and derivative marks and the proprietary domain name www.hysonusa.com.

71. The Hyson USA mark is a distinctive and famous mark, and was distinctive and famous prior to Hyson 2U's registration of www.hyson2u.com, hysonusa.org, hysonusa.net, hysonusa.info, hyson2u.net, and shophyson.com.

72. Hyson 2U has registered, trafficked in, and/or used: www.hyson2u.com, hysonusa.org, hysonusa.net, hysonusa.info, hyson2u.net, and shophyson.com, which are almost identical to, and confusingly similar to, and/or dilutive of, the Hyson USA mark, and the proprietary domain name www.hysonusa.com.

73. Upon information and belief, Hyson 2U's use of the infringing domain names has at

15

all times been an intentional and willful attempt to profit in bad faith from the Hyson USA mark.

74. Hyson 2U owns no trademark rights in or to "Hyson USA" or any similar marks.

75. Hyson 2U has never used the infringing domain names with the authorization to register them or use them in connection with the bona fide offering of any goods or services.

76. Hyson 2U has never made any bona fide, non-commercial or fair use of the Hyson USA mark on sites accessible under the infringing domain names, or otherwise.

77. Hyson 2U has knowingly and in bad faith acquired infringing domain names to divert potential customers from the online locations of Hyson USA with the intent to create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the infringing domain names.

78. Hyson USA has been damaged by such wrongful registration and use of the infringing domain names, and continues to be damaged, in violation of its valuable trademark rights.

79. As a direct and proximate result of Hyson 2U's conduct, Hyson USA has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

WHEREFORE, Plaintiff Hyson USA requests that this Honorable Court find in its favor and against Defendant Hyson 2U, and award the following remedies:

a) a permanent injunction prohibiting Hyson 2U, and its respective owners, officers, employees and agents from acquiring or registering infringing domains;

b) that Hyson 2U transfers all infringing domains to Hyson USA;

c) that Hyson 2U be required to pay all applicable statutory damages, fines and penalties;

d) that the Court order Hyson 2U to indemnify (including fees and costs of defense) and hold Hyson USA harmless for any and all claims made by any third parties based on its infringing domain names;

e) that Hyson 2U's actions were willful, and as applicable, award exemplary, punitive or treble damages;

f) that Hyson 2U pay Plaintiff's costs and attorneys' fees relating to this lawsuit;

g) that Hyson 2U be required to pay pre- and post-judgment interest for any damages awarded to Hyson USA; and

h) that Hyson USA be granted such other relief as this Court deems equitable.

## Count VIII

### Violations of the Illinois Trade Secrets Act and Common Law Trade Secrets Misappropriation against Defendants Hyson 2U, Kaminskas, Inc., and Kaminskas

80. Plaintiff Hyson USA realleges and incorporates the allegations in paragraphs 1 through 79 of this Complaint.

81. Upon information and belief, Defendants misappropriated and copied Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures. Kaminskas also misappropriated Hyson USA's company name in connection with the opening of Hyson 2U.

82. Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures give it a significant competitive advantage in the food wholesale distribution industry.

17

83. Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures are confidential and not generally known in the industry.

84. Hyson USA has taken reasonable measures to protect and maintain the confidentiality of its business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures.

85. Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures are "trade secrets" within the meaning of the Illinois Trade Secrets Act and common law.

86. Defendants' actions, complained of herein, were willful, malicious and wanton.

87. Unless Defendants are enjoined, they will continue to misappropriate Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff Hyson USA requests that this Honorable Court find in its favor and against Defendants Hyson 2U, Kaminskas, Inc. and Kaminskas, and award the following remedies:

a) a permanent injunction prohibiting all Defendants and as applicable, their respective owners, officers, employees and agents from using and/or misappropriating Hyson USA's trade secrets;

b) that all Defendants be required to return, destroy, and retrieve any materials containing Hyson USA's trade secrets; and

c) that the court order all Defendants to indemnify (including the fees and costs of

18

defense) and hold Hyson USA's harmless for any and all claims that third parties make based on their use of Hyson USA's trade secrets.

Additionally, Plaintiff Hyson USA requests the following relief:

d) that all Defendants be required to pay Hyson USA's actual damages;

e) that all Defendants be ordered to pay statutory fines and penalties;

f) that all Defendants be required to account to and to disgorge all advantages, gains, or profits from their infringing and deceptive acts;

g) that all Defendants' actions were willful, and award treble or punitive damages;

h) that all Defendants pay Hyson USA's costs and attorneys' fees relating to this lawsuit;

i) that all Defendants be required to pay pre- and post-judgment interest for any damages awarded to Hyson USA; and

j) that Hyson USA be granted such other relief as this Court deems equitable.

### Count IX

### Tortious Interference with Business Relationships against Defendants Hyson 2U, Kaminskas, and Kaminskas, Inc.

88. Plaintiff Hyson USA realleges and incorporates the allegations in paragraphs 1 through 87 of this Complaint.

89. Hyson USA has and had ongoing and continuing relationships with current vendors and customers of Hyson USA's products and/or services.

90. These relationships contained the probability of current, future, and imminent economic benefit in the form of sale of products. If Defendants had refrained from engaging in the unlawful and wrongful conduct described in this complaint, then there is a substantial probability that Hyson USA's customers would have continued

to purchase new products from Hyson USA.

91. Defendants were aware of these continuing and ongoing business relationships and intended to interfere with and disrupt them, by wrongfully, including, but not limited to:

   a. gaining access to Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping procedures;

   b. acquiring, stealing and/or reselling Hyson USA's inventory;

   c. competing for and soliciting Hyson USA's customers and vendors;

   d. luring Hyson USA's customers and vendors away by trading upon the goodwill of Hyson USA;

   e. misappropriating Hyson USA's trade secrets and diverting vendors and customers away from Hyson USA; and/or

   f. by violating Hyson USA's intellectual property rights.

92. As a result of Defendants' acts, the above-described relationships have actually been disrupted, causing certain current customers to contract with Defendant Hyson 2U or Kaminskas, Inc., instead of Hyson USA for products provided by Hyson USA.

93. As a direct and proximate result of Defendants' actions, Hyson USA has suffered significant harm, including, but not limited to, loss of a supply of products from vendors, and loss of profits from sales to current or prospective customers of Hyson USA.

94. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur, and will cause Hyson USA irreparable injury for which there is no

adequate remedy at law.

95. Defendants' interference with Hyson USA's current business relationships, as described above, was willful, malicious, oppressive, and in conscious disregard of Hyson USA's rights, and Hyson USA is therefore entitled to punitive damages to punish Defendants' wrongful conduct and deter future wrongful conduct.

WHEREFORE, Plaintiff Hyson USA requests that this Honorable Court find in its favor and against Defendants Hyson 2U, Kaminskas, Inc., and Kaminskas, and award the following remedies:

a) a permanent injunction prohibiting all Defendants, and as applicable, their respective owners, officers, employees and agents from interfering with Plaintiff's business relationships or prospective economic advantage;

b) that all Defendants be required to pay Plaintiff's actual damages;

c) that all Defendants, jointly and severally, be required to disgorge all advantages, gains, or profits from their disruption of Plaintiff's' current business relationships;

d) that all Defendants' actions were willful and award punitive damages;

e) that all Defendants pay Hyson USA's costs and attorneys' fees relating to this lawsuit;

f) that all Defendants be required to pay pre- and post-judgment interest for any damages awarded to the Plaintiff; and

g) that the Plaintiff be granted such other relief as this Court deems equitable.

## Count X

### Conversion Against Hyson 2U, Kaminskas, Inc., and Kaminskas

96. Plaintiffs Hyson USA and Enna Gazaryan reallege and incorporate by reference the allegations of paragraphs 1 through 95 of this Complaint.

21

97. At all times herein, Hyson USA has had an absolute and exclusive right to the following property:

   a.      The contents of a 40 foot shipping container containing 2,327 master cartons containing Ceylon black tea, green tea, and herbal tea, specifically shipped to Hyson USA in Bensenville, Illinois, and which container arrived in late December 2013;

   b.      Computers: six Dell and four Lenovo, and certain other computers that have been used for spare parts;

   c.      Ten Flat Monitors;

   d.      Three scanners for products, and one sticker printer;

   e.      Three computer servers;

   f.      Security camera system, including 32 cameras, a recorder and a control desk;

   g.      Seven Oki color laser printers;

   h.      One all in one HP laser color printer;

   i.      Two large single freezers used in the warehouse;

   j.      Nine coolers, including one large cooler, used in the warehouse;

   k.      Ten office desks and tables, and eight office chairs;

   l.      Three safes and ten filing cabinets;

   m.      Twelve kitchen cabinets and one refrigerator;

   n.      Thirteen Canon cameras and equipment;

   o.      Fourteen Quick Books Enterprise programs and installed on the servers;

   p.      Fishbowl inventory program, installed on servers;

   q.      Telephone communication system, including seven phone desks;

   r.      Warehouse heavy duty pallet racks system (full warehouse equipped) (approximately fifty frames);

s.      Fork Lift and five pallet jacks;

t.      Chevrolet Cargo Van;

u.      Two Isuzu trucks;

v.      Four I pads;

w.      Nine I-Passes, three navigation, and one tool box;

x.      All computer programs installed in the three servers;

y.      UPC barcodes with the prefix 879700;

z.      All inventory of food products transferred from Hyson USA;

aa.     Certain funds deposited by Hyson 2U, but belonging to Hyson USA; and

bb.     Custom framed sports memorabilia.

98. At all times herein, Hyson USA has had an absolute and unconditional right to the immediate possession of the listed property.

99. At all times herein, Gazaryan has had an absolute and exclusive right to various items of personal property (including shoes, scarf, translator and calculator) that she had kept at her workplace.

100.   At all times herein, Gazaryan has had an absolute and unconditional right to the immediate possession of her personal property.

101.   Defendants wrongfully and without authorization assumed control, dominion, and ownership over the listed property.

102.   Hyson USA and Gazaryan made demands that Defendants turn over the listed property to them.

103.   Defendants have refused to return the listed property to Hyson USA and Gazaryan.

104.    Defendants' wrongful and unauthorized assumption of control, dominion and ownership over the listed property proximately caused damage to Hyson USA and Gazaryan, including, but not limited to, depriving Hyson USA and Gazaryan of the value and use of the property.

105.    Hyson USA and Gazaryan are entitled to recover any and all damages each has sustained as a result of such conversion, in an amount to be determined at trial.

WHEREFORE, Plaintiffs Hyson USA and Enna Gazaryan seek judgment in their favor and against Defendants as to this Count, and seek the following relief:

a) Actual damages to compensate Hyson USA and Gazaryan for the loss of the value and use of their respective property;

b) A finding that Defendants' actions were willful and an award of punitive damages;

c) An award of statutory interest on any damages awarded to Hyson USA and Gazaryan for the loss of the value and use of the property; and

d) Such other and further relief that this Honorable Court finds to be just and equitable.

## Count XI

### Replevin Against Hyson 2U, Kaminskas, Inc., and Kaminskas

106.    Plaintiffs Hyson USA and Enna Gazaryan reallege and incorporate by reference the allegations of paragraphs 1 through 105 of this Complaint.

107.    Hyson USA is the owner of the property identified in paragraph 97 above or is otherwise entitled to lawful possession thereof.

108.    Gazaryan is the owner of the property identified in paragraph 99 above or is otherwise entitled to lawful possession thereof.

109.    Defendants are wrongfully detaining the property owned by Plaintiffs

24

110. Hyson USA and Gazaryan have made demands that Defendants return the property to them, but Defendants have not complied with the demands.

111. The property has not been taken for any tax, assessment or fine levied by virtue of any law of this State against the property of Plaintiffs, or against each individually, nor seized under any lawful process or against the goods and chattels of Plaintiffs subject to such lawful process, nor held by virtue of any order of replevin against Plaintiffs.

WHEREFORE, Plaintiffs Hyson USA and Enna Gazaryan request that this Honorable Court issue and Order of Replevin against Defendants and:

a) Judgment in their favor and against Defendants for the possession of the property;

b) The value of the property not delivered to Plaintiffs;

c) Damages for the wrongful detention; and

d) Such other and further relief that this Honorable Court finds to be just and equitable.

## Count XII

### Trespass to Chattels against Defendants Hyson 2U, Kaminskas and Kaminskas, Inc.

112. Plaintiff Hyson USA realleges and incorporates by reference the allegations of paragraphs 1 through 111 of this Complaint.

113. At all times herein, Hyson USA had legal title to its inventory.

114. Defendants intentionally interfered with use or possession of Hyson USA's inventory.

115. Defendants' trespass and interference proximately caused damage to Hyson USA, including, but not limited to, damage to dominion and control over its inventory. As a result, Defendants diminished the value of and deprived Hyson USA the benefit of use of its inventory.

116. Hyson USA is entitled to recover any and all damages it sustained as a result of such

25

trespass, in an amount to be determined at trial.

WHEREFORE, Plaintiff Hyson USA requests that this Honorable Court find in its favor against Defendants Hyson 2U, Kaminskas, Inc., and Kaminskas, and award the following remedies:

a) a permanent injunction prohibiting all Defendants and if applicable, their respective owners, officers, employees and agents from interfering with Hyson USA's right to ownership and use of its inventory;

b) that all Defendants be required to pay Hyson USA's actual damages;

c) that all Defendants' actions were willful and award punitive damages;

d) that all Defendants be required to pay pre- and post-judgment interest for any damages awarded to Hyson USA; and

e) that Hyson USA be granted such other relief as this Court deems equitable.

## Count XIII

### Unjust Enrichment Against Hyson 2U, Kaminskas, Inc., and Kaminskas

117. Plaintiff Hyson USA realleges and incorporates by reference the allegations of paragraphs 1 through 116 of this Complaint.

118. Defendants have accepted and retained a benefit to the detriment of Hyson USA by wrongfully and without authorization having assumed control, dominion, and ownership over the property listed in paragraph 97 of this Complaint.

119. It would be inequitable for Defendants to retain the benefit of the property without payment to Hyson USA.

120. Defendants unjustly retaining the benefits of the property without payment violates the fundamental principles of justice, equity, and good conscience, and has been to Hyson

2U's gain.

WHEREFORE, Plaintiff Hyson USA seeks judgment in their favor and against Defendants as to this Count, and seeks the following relief:

a) Awarding Hyson USA its actual damages as restitution in the amount of Defendants' gain from the wrongful and unauthorized use of the property;

b) Finding that Defendants' actions were willful and awarding punitive damages;

c) Awarding statutory interest based upon Defendants' gain from the wrongful and unauthorized use of the property; and

d) Such other and further relief that this Honorable Court finds to be just and equitable.

## Count XIV

### Violations of the Illinois Wage Payment and Collection Act Against Hyson 2U

121. Plaintiff Tansky incorporates and realleges paragraphs 1 to 120 of this Complaint.

122. Hyson 2U had a contract for employment with Tansky.

123. Hyson 2U had obligations to provide wages, severance and compensation to Tansky pursuant to the contract for employment under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

124. Hyson 2U violated its duties under the IWPCA by failing to pay Tansky the full compensation to which he was entitled under the contract for employment, including, but not limited to, sales commissions and sales pre-orders, that Tansky has earned and that he is owed.

125. At least three days prior to filing this Complaint, Tansky made an IWPCA demand for unpaid wages, severance and compensation pursuant to 820 ILCS 115/1, *et seq.* (Exhibit C).

126. To date, Hyson 2U has failed to pay Tansky the compensation that he has earned and is owed under the contract for employment.

127. As a direct and proximate result of Hyson 2U's violation of the IWPCA, Tansky has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Tansky seeks judgment in its favor and against Defendant Hyson 2U as to this Count, and seeks the following relief:

a) His unpaid compensation that he has earned and is owed under the contract for employment, pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*;

b) Interest on the amount owed to him, and any penalties and costs, as provided by the IWPCA, 820 ILCS 115/1, *et seq.*;

c) His attorney's fees incurred in this matter, as provided by the IWPCA, 820 ILCS 115/1, *et seq.*; and

d) Such other and further relief that this Honorable Court finds to be just and equitable.

### Count XV

**Violations of the Illinois Wage Payment and Collection Act Against Kaminskas**

128. Plaintiff Tansky incorporates and realleges paragraphs 1 to 127 of this Complaint.

129. Hyson 2U had a contract for employment with Tansky.

130. Hyson 2U breached its obligations to provide compensation to Tansky under his contract for employment under the IWPCA, 820 ILCS 115/1, *et seq.*

131. Kaminskas knowingly and willfully violated Hyson's obligations to pay Tansky wages, severance and compensation owed to him under his contract for employment and the IWPCA. Kaminskas, as a Corporate Officer of Hyson 2U, knew that Tansky was owed compensation, but wrongfully directed the withholding of compensation owed to Tansky, and/or failed to remit such wages upon learning that they were owed to Tansky.

132. In so doing, Kaminskas has knowingly violated the IWCPA.

133. The IWPCA permits claims against officers and employees that knowingly permit an IWCPA violation. 820 ILCS 115/2 and 115/13.

134. At least three days prior to filing this Complaint, Tansky made an IWPCA demand for unpaid wages, severance and compensation pursuant to 820 ILCS 115/1, *et seq.* (Exhibit C)

135. To date, Kaminskas has failed to provide Tansky with the compensation that he has earned and is owed.

136. As a direct and proximate result of Kaminskas' actions, Tansky has and is continuing to suffer damages.

WHEREFORE, Plaintiff Tansky seeks judgment in its favor and against Defendant Kaminskas as to this Count, and seeks the following relief:

a) His unpaid compensation that he has earned and is owed, pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*;

b) Interest on the amount owed to him, and any penalties and costs, as provided by the IWPCA, 820 ILCS 115/1, *et seq.*;

c) His attorney's fees incurred in this matter, as provided by the IWPCA, 820 ILCS 115/1, *et seq.*; and

d) Such other and further relief that this Honorable Court finds to be just and equitable

## Count XVI

### Violations of the Illinois Sales Representative Act Against Hyson 2U

137. Plaintiff Tansky incorporates and realleges paragraphs 1 to 136 of this Complaint.

138. Tansky served as a sales representative of Hyson 2U, and had a sales representative contract with Hyson 2U.

139. Under the Illinois Sales Representative Act, "[a]ll commissions due at the time of termination of a contract between a sales representative and a principal shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due." 820 ILCS 120/2.

140. Hyson 2U violated its duties under the Sales Representative Act by failing to pay Tansky the full compensation to which he was entitled, including, but not limited to, sales commissions and sales pre-orders, that Tansky has earned and that he is owed under his sales representative contract with Hyson 2U.

141. The Sales Representative Act authorizes an award of exemplary damages where such payments are delayed. 820 ILCS 120/3.

WHEREFORE, Plaintiff Tansky seeks judgment in his favor and against Defendant Hyson 2U as to this Count, and seeks the following relief:

a) His unpaid commissions that he has earned and is owed under his sales representative agreement with Hyson 2U, pursuant to the Illinois Sales Representative Act, 820 ILCS 120/2.

b) Exemplary damages, pursuant to the Illinois Sales Representative Act, 820 ILCS 120/3;

c) His attorney's fees and costs incurred in this matter, pursuant to 820 ILCS 120/3; and

d) Such other and further relief that this Honorable Court finds to be just and equitable.

### Count XVII

### Accounting against Defendants Hyson 2U, Kaminskas, Inc., and Kaminskas

142. Plaintiff Hyson USA and Tansky reallege and incorporate by reference the allegations of paragraphs 1 through 141 of this Complaint.

143. Defendants have obtained business through the use of unlawful conduct, including, but not limited to:

    a. gaining access to Hyson USA's business methods, vendor and customer lists, product catalogue, advertising and marketing plans, and sales and shipping;

    b. acquiring, stealing and/or reselling Hyson USA's inventory;

    c. intentionally or negligently interfering with Hyson USA's prospective economic advantage; or

    d. by violating Hyson USA's intellectual property rights.

144. Defendants have received monetary gain as a result of their misconduct, at Hyson USA's expense, and that some or all of that monetary gain is rightfully due to Hyson USA.

145. The amount of money due from Defendants to Hyson USA is unknown to Hyson USA and cannot be ascertained without an accounting of the income, gross profits or monies received by each Defendant through their wrongful conduct. Hyson USA is therefore entitled to a full accounting.

WHEREFORE, Plaintiffs Hyson USA and Tansky request that this Honorable Court find in their favor and against Defendants Hyson 2U, Kaminskas, Inc. and Kaminskas, and seek the following relief:

a) Ordering Defendants to disgorge all advantages, gains, or profits;

b) Ordering Hyson 2U, Kaminskas, Inc., and Kaminskas to turn over and disclose all corporate income statements, statement of cash flows, profit and loss statements, bank records, transfers of assets, distributions to owners, tax records, ownership records, and similar documents for the last five years; and

c) For such other relief as this Honorable Court finds to be just and equitable.

### Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all counts permitting a jury trial.

ENTERPRISE LAW GROUP, LLP:

By: /s/ Jon K. Stromsta
Jon K. Stromsta (#6190161)
Mark Gussin (#6229372)
ENTERPRISE LAW GROUP, LLP
150 S. Wacker Dr., Ste. 1600
Chicago, IL 60606
Phone: 312-578-0200
Facsimile: 312-578-0202
E-Mail: jstromsta@enterpriselg.com
E-Mail: mgussin@enterpriselg.com
COUNSEL FOR PLAINTIFFS

STATE OF ILLINOIS  )
        ) SS:
COUNTY OF COOK  )

## VERIFICATION BY CERTIFICATION

Under penalties as provide by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies the statements set forth in this Second Amended Complaint are true and correct, except as to such matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that be believes the same to be true.

_____
LEONID TANSKY

SUBSCRIBED and SWORN
to me before this 9th day of
June, 2014

_____
Notary Public

"OFFICIAL SEAL"
IRINA SADOVSKIY
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 03/19/2017

33

# EXHIBIT A

Int. Cls.: 29 and 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,543,222
Registered Dec. 9, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HYSON USA INC. (ILLINOIS CORPORATION)
2486 E. OAKTON STREET
ARLINGTON HEIGHTS, IL 60005

FOR: OLIVE OIL; OLIVE OIL; OLIVE OILS; PRE-SERVED MEATS AND SAUSAGES; SAUSAGES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 6-1-2006; IN COMMERCE 6-1-2006.

FOR: BREAD , IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-1-2006; IN COMMERCE 6-1-2006.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "USA", APART FROM THE MARK AS SHOWN.

THE COLOR(S) GREEN, WHITE AND ORANGE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF GREEN RECTANGLE AND HALF CIRCLE WHICH IS LOCATED ON THE TOP OF THE RECTANGLE BEARING THE WORD "HYSON" IN WHITE LETTERING. THE HALF CIRCLE CONTAINS 8 WHITE STARS FOUND ON THE INTERIOR OF THE HALF CIRCLE. THE GREEN RECTANGLE AND HALF CIRCLE ARE OUTLINED IN ORANGE. ON THE BOTTOM OF THE RECTANGLE, AN ORANGE BANNER/RIB-BON READS THE WORD "USA" IN ORANGE LETTERING AND THE ORANGE BANNER/RIB-BON IS THINLY OUTLINED IN GREEN.

SER. NO. 77-455,062, FILED 4-22-2008.

PRISCILLA MILTON, EXAMINING ATTORNEY

# EXHIBIT B

Generated on: This page was generated by TSDR on 2014-06-10 12:31:36 EDT
Mark: HYSON

# HYSON

| | | | |
|---|---|---|---|
| US Serial Number: | 86199257 | Application Filing Date: | Feb. 20, 2014 |
| Filed as TEAS Plus: | Yes | Currently TEAS Plus: | Yes |
| Register: | Principal | | |
| Mark Type: | Trademark | | |
| Status: | Review prior to publication completed. | | |
| Status Date: | May 29, 2014 | | |
| Publication Date: | Jul. 01, 2014 | | |

## Mark Information

Mark Literal Elements: HYSON
Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.
Mark Drawing Type: 4 - STANDARD CHARACTER MARK

## Related Properties Information

Claimed Ownership of US 3543222
Registrations:

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Bacon; Cheese; Farmer's cheese; Frozen fish; Fruit preserves; Grapeseed oil; Jellies; Jellies, jams; Marinated vegetables; Olive oil; Pickled vegetables; Pickles; Processed mushrooms; Salami; Sausages; Vegetable-based spreads

| | | | |
|---|---|---|---|
| International Class(es): | 029 - Primary Class | U.S Class(es): | 046 |
| Class Status: | ACTIVE | | |
| Basis: | 1(a) | | |
| First Use: | Sep. 11, 2009 | Use in Commerce: | Sep. 11, 2009 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes | Amended Use: | No |
| Filed ITU: | No | Currently ITU: | No | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

| | | | |
|---|---|---|---|
| Owner Name: | Leonid Tansky | | |
| Owner Address: | 4472 Four Winds Lane Northbrook, ILLINOIS 60062 UNITED STATES | | |
| Legal Entity Type: | INDIVIDUAL | Citizenship: | UNITED STATES |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| Attorney Name: | Allison M Corder | Docket Number: | 1125-13 |
| Attorney Primary Email: | corder@vclplaw.com | Attorney Email | Yes |

| | | | |
|---|---|---|---|
| **Address:** | | **Authorized:** | |

**Correspondent**

**Correspondent** ALLISON M CORDER
**Name/Address:** VALAUSKAS CORDER LLC
150 S WACKER DR STE 620
CHICAGO, ILLINOIS 60606-4102
UNITED STATES

**Phone:** 312-673-0360    **Fax:** 312-673-0361

**Correspondent e-mail:** corder@vciplaw.com    **Correspondent e-mail** Yes
**Authorized:**

Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 28, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 28, 2014 | ASSIGNED TO EXAMINER | 78478 |
| Mar. 05, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 24, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** WHITE, RICHARD F    **Law Office Assigned:** LAW OFFICE 109

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION    **Date In Location:** May 29, 2014

Generated on: This page was generated by TSDR on 2014-06-10 12:32:40 EDT

Mark: HYSON

# HYSON

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86199235 | **Application Filing Date:** | Feb. 20, 2014 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**Status:** A non-final Office action has been sent (issued) to the applicant. This is a letter from the examining attorney requiring additional information and/or making an initial refusal. The applicant must respond to this Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** May 28, 2014

## Mark Information

**Mark Literal Elements:** HYSON

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Related Properties Information

**Claimed Ownership of US Registrations:** 3543222

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Honey; Processed grains; Processed grains, namely, buckwheat; Tea; Tea bags

| | | | |
|---|---|---|---|
| **International Class(es):** | 030 - Primary Class | **U.S Class(es):** | 046 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Sep. 11, 2009 | **Use in Commerce:** | Sep. 11, 2009 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Leonid Tansky |
| **Owner Address:** | 4472 Four Winds Lane<br>Northbrook, ILLINOIS 60062<br>UNITED STATES |
| **Legal Entity Type:** | INDIVIDUAL |
| **Citizenship:** | UNITED STATES |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Allison M Corder | **Docket Number:** | 1125-12 |
| **Attorney Primary Email Address:** | corder@vclplaw.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| Correspondent Name/Address: | ALLISON M CORDER<br>VALAUSKAS CORDER LLC<br>150 S WACKER DR STE 620<br>CHICAGO, ILLINOIS 60606-4102<br>UNITED STATES |
| Phone: | 312-673-0360 |
| Correspondent e-mail: | corder@vciplaw.com |

Fax: 312-673-0361

Correspondent e-mail Authorized: Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 28, 2014 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| May 28, 2014 | NON-FINAL ACTION E-MAILED | 6325 |
| May 28, 2014 | NON-FINAL ACTION WRITTEN | 78478 |
| May 28, 2014 | ASSIGNED TO EXAMINER | 78478 |
| Mar. 05, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 24, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information**

TM Attorney: WHITE, RICHARD F

Law Office Assigned: LAW OFFICE 109

**File Location**

Current Location: TMEG LAW OFFICE 109 - SLIE

Date In Location: May 28, 2014

Generated on: This page was generated by TSDR on 2014-06-10 12:33:23 EDT
Mark: HYSON

# HYSON

| | |
|---|---|
| US Serial Number: 86199214 | Application Filing Date: Feb. 20, 2014 |
| Filed as TEAS Plus: Yes | Currently TEAS Plus: Yes |
| Register: Principal | |
| Mark Type: Service Mark | |
| Status: Review prior to publication completed. | |
| Status Date: May 29, 2014 | |
| Publication Date: Jul. 01, 2014 | |

## Mark Information

Mark Literal Elements: HYSON
Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.
Mark Drawing Type: 4 - STANDARD CHARACTER MARK

## Related Properties Information

Claimed Ownership of US 3543222
Registrations:

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: On-line wholesale store services featuring food; Wholesale distributorships featuring food; Wholesale food distributorship services; Wholesale store services featuring food

| | |
|---|---|
| International Class(es): 035 - Primary Class | U.S Class(es): 100, 101, 102 |
| Class Status: ACTIVE | |
| Basis: 1(a) | |
| First Use: Sep. 11, 2009 | Use in Commerce: Sep. 11, 2009 |

## Basis Information (Case Level)

| | | |
|---|---|---|
| Filed Use: Yes | Currently Use: Yes | Amended Use: No |
| Filed ITU: No | Currently ITU: No | Amended ITU: No |
| Filed 44D: No | Currently 44D: No | Amended 44D: No |
| Filed 44E: No | Currently 44E: No | Amended 44E: No |
| Filed 66A: No | Currently 66A: No | |
| Filed No Basis: No | Currently No Basis: No | |

## Current Owner(s) Information

| | |
|---|---|
| Owner Name: Leonid Tansky | |
| Owner Address: 4472 Four Winds Lane<br>Northbrook, ILLINOIS 60062<br>UNITED STATES | |
| Legal Entity Type: INDIVIDUAL | Citizenship: UNITED STATES |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| Attorney Name: Allison M Corder | Docket Number: 1125-11 |
| Attorney Primary Email: corder@yciplaw.com | Attorney Email Yes |

|  | Address: |  | Authorized: |  |  |
|  |  | Correspondent |  |  |  |

Correspondent Name/Address: ALLISON M CORDER
VALAUSKAS CORDER LLC
150 S WACKER DR STE 620
CHICAGO, ILLINOIS 60606-4102
UNITED STATES

Phone: 312-673-0360       Fax: 312-673-0361

Correspondent e-mail: corder@vclplaw.com      Correspondent e-mail Authorized: Yes

Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| May 28, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 28, 2014 | ASSIGNED TO EXAMINER | 78478 |
| Mar. 05, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 24, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information

TM Attorney: WHITE, RICHARD F      Law Office Assigned: LAW OFFICE 109

### File Location

Current Location: PUBLICATION AND ISSUE SECTION      Date In Location: May 29, 2014

# EXHIBIT C

# Enterprise Law Group, LLP

Mark A. Gussin
*Of Counsel*

150 S. Wacker, Suite 1600
Chicago, IL 60606
Direct Phone (312) 428-3030
Direct Fax (312) 428-3070
*mark@enterpriselg.com*

April 7, 2014

Via E-Mail (kevin@mcq-law.com)
Kevin K. McQuillan
McQuillan Law Office LLC
1155 S. Washington St., Suite 202
Naperville, IL 60540

RE:     Demand – Commissions Payment and Return of Property

Dear Mr. McQuillan:

Demand is hereby made for Hyson 2U, Ltd. (the "Company") to pay to our client, Leonid Tansky, the sales commissions for December 2013 in the amount of $2090.67, and for February 2014 sale pre-orders in the amount of $14,158.80.

The Company's and Mr. Karolis Kaminskas' failure to pay such commissions leads to a violation of the Illinois Wage Payment and Collection Act ("Wage Act"), or alternatively, the Illinois Sales Representative Act, 820 ILCS 120/1 et seq. ("Sales Representative Act"). Under the Wage Act, Mr. Tansky is entitled to all unpaid compensation. 820 ILCS 115/1 et. seq. (stating that an employee is entitled to all earned compensation, and last paycheck within 2 weeks of separation from employment). The Wage Act also permits a claim against the president of the Company, Mr. Kaminskas (individually), because it permits claims against officers or agents who knowingly permitted a wage violation. See. 820 ILCS 115/2 and 820 ILCS 115/13. Finally, we will also seek our legal fees pursuant to the Wage Act. 705 ILCS 225/1 et. seq. (permitting a claim for attorneys' fees for a violation of Wage Act). Alternatively, under the Sales Representative Act, "[a]ll commissions due at the time of termination of a contract between a sales representative and a principal [as defined in that statute] shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due." 820 ILCS 120/2. The Sales Representative Act is particularly concerned with the timing of commission payments, and gives the due date for such payments new significance by authorizing an award of exemplary damages where payment is delayed. 820 ILCS 120/3.

# Enterprise Law Group, LLP

Mark A. Gussin
*Of Counsel*

150 S. Wacker, Suite 1600
Chicago, IL 60606
Direct Phone (312) 428-3030
Direct Fax (312) 428-3070
*mark@enterpriselg.com*

As a follow-up to our recent discussions and our letter to you dated February 25, 2014, our clients, Mr. Tansky and Ms. Enna Gazaryan, also demand the return of the documents, files, computers, programs and all other items set forth in such letter and their personal property by no later than April 11, 2014 at 1:00 PM (CST). Our clients are prepared to make arrangements for the collection of these items and property from the Company's location by a courier service. This demand is made without prejudice to any other rights or remedies, at law or in equity, which our clients may have.  Please do not hesitate to contact me to discuss this matter further.

ENTERPRISE LAW GROUP, LLP

Mark A. Gussin, Of Counsel